UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE:<br><br>JSMITH CIVIL, LLC,<br><br>　　　　DEBTOR. | Case No.  23-02734-5-JNC<br>Chapter 11 |
| JSMITH CIVIL, LLC,<br><br>　　　　*Plaintiff*,<br>vs.<br><br>SOUTH ATLANTIC CONFERENCE<br>OF SEVENTH-DAY ADVENTISTS, INC.<br>and BRODIE CONTRACTORS, INC.,<br>　　　　*Defendants*. | AP NO. 2500157-5-JNC |

**FIRST DEFENSE**

As a general matter, Brodie denies all allegations in Debtor's Complaint not contained in a numbered paragraph, contained in a "Wherefore" clause in Debtor's prayer for relief, or in any footnote, exhibit, or attachment. Further, any allegation in Debtor's Complaint not expressly admitted is denied.

**SECOND DEFENCE- ANSWER TO DEBTOR'S COMPLAINT**

Defendant Brodie Contractors, Inc. ("Brodie" or "Defendant"), by and through the undersigned counsel, hereby responds to the individually numbered paragraphs of Debtor, JSmith Civil, LLC's ("Debtor") Complaint as follows:

1

## As to "INTRODUCTION AND NATURE OF ACTION"

1. With respect to the allegations contained in paragraph 1, it is admitted that this is an action by the Debtor against Defendants in which Debtor is seeking the relief listed in subparagraphs A and B. Except as expressly admitted herein, denied.

   a. It is admitted that the Subcontract Agreement referenced in paragraph 1, subparagraph a, is a written document which is the best evidence of its contents, and to the extent that the allegations of paragraph 1, subparagraph a, alter, vary, modify, or attempt to construe the document, those allegations are denied. It is expressly denied that Brodie owes Debtor any money for any work performed by Debtor under the Subcontract Agreement. Except as expressly admitted herein, denied.

   b. Denied.

## As to "JURISDICTION AND AUTHORITY"

2. The allegations contained in paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 2 are admitted.

3. The allegations contained in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 3 are denied.

4. The allegations contained in paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 5 are admitted.

6. The allegations contained in paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 6 are denied.

7. The allegations contained in paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 8 are admitted.

## As to "IDENTIFICATION OF THE PARTIES"

9. Admitted, upon information and belief.

10. With regard to the allegations contained in paragraph 10, it is admitted that Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on September 19, 2023. Except as expressly admitted herein, denied.

11. Admitted, upon information and belief.

12. Admitted, upon information and belief.

13. Admitted.

14. Admitted.

## As to "FACTUAL ALLEGATIONS"

15. Admitted.

16. Admitted.

17. With regard to the allegations contained in paragraph 17, it is admitted that Brodie entered into a written contract with SACSDA. It is further admitted that the agreement is a written document which is the best evidence of its contents, and to the extent that the allegations in

paragraph 17 alter, vary modify, or attempt to construe the document, those allegations are denied. Except as expressly admitted herein, denied.

18. With regard to the allegations contained in paragraph 18, it is admitted that on or about September 20, 2020, Brodie entered into a written subcontract agreement with Debtor (the "Subcontract"). It is further admitted that the Subcontract is a written document which is the best evidence of its contents, and to the extent that the allegations in paragraph 18 alter, vary modify, or attempt to construe the Subcontract, those allegations are denied. Except as expressly admitted herein, denied.

19. With regard to the allegations contained in paragraph 19, it is admitted that the Subcontract is a written document which is the best evidence of its contents, and to the extent that the allegations in paragraph 19 alter, vary modify, or attempt to construe the Subcontract, those allegations are denied. Except as expressly admitted herein, denied.

20. With regard to the allegations contained in paragraph 20, subparagraphs a and b, it is admitted that the Subcontract is a written document which is the best evidence of its contents, and to the extent that the allegations in paragraph 20, subparagraphs A and B, alter, vary modify, or attempt to construe the Subcontract, those allegations are denied. Except as expressly admitted herein, denied.

21. The allegations contained in paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 21 are denied.

22. With regard to the allegations contained in paragraph 22, it is admitted that Debtor submitted 12 payment applications and received twelve separate progress payments and that $35,108.92 was withheld as Retainage. Except as expressly admitted herein, denied.

23. With regard to the allegations contained in paragraph 23, it is admitted that the amount of Retainage withheld from Debtor was in the amount of $35,108.92. It is expressly denied that the Retainage is currently owed to Debtor. Except as expressly admitted herein, denied.

24. With regard to the allegations contained in paragraph 24, it is admitted that the Retainage was withheld from Debtor for the portions of the Scope of Work that Debtor completed under the Subcontract. Except as expressly admitted herein, denied.

25. Denied.

26. With regard to the allegations contained in paragraph 26, it is admitted that Brodie has not remitted or paid any portion of the Retainage to Debtor. It is expressly denied that Brodie owes any Retainage to Debtor. Except as expressly admitted herein, denied.

27. Admitted.

28. With regard to the allegations contained in paragraph 28, it is denied that any Retainage Amount is owed to Debtor. It is admitted that Brodie has refused to pay Debtor any Retainage Amount as a result of Debtor walking off the Project and the cost to complete the project being higher than the original cost of the Subcontract. Except as expressly admitted herein, denied.

29. The allegations contained in paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 29 are denied.

30. The allegations contained in paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 30 are denied.

**As to "FIRST CLAIM FOR RELIEF (Turnover of Property of the Estate)"**

31. Brodie restates and incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

32. The allegations contained in paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 32 are denied.

33. The allegations contained in paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 33 are denied.

34. The allegations contained in paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 34 are denied.

35. The allegations contained in paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 35 are denied.

36. The allegations contained in paragraph 36 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 36 are denied.

37. Denied.

38. Denied.

39. Denied.

40. With regard to the allegations contained in paragraph 40, it is specifically denied that Brodie owed or currently owes any Retainage to Debtor. Except as expressly admitted herein, denied.

41. The allegations contained in paragraph 41 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 41 are denied.

42. Denied.

43. Denied.

44. Denied.

**As to "SECOND CLAIM FOR RELIEF (Breach of Contract")**

45. Brodie restates and incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

46. With regard to the allegations contained in paragraph 46 it is admitted that the Subcontract is a written document which is the best evidence of its contents, and to the extent that the allegations in paragraph 46 alter, vary, modify, or attempt to construe the Subcontract, those allegations are denied. Except as expressly admitted herein, denied.

47. The allegations contained in paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 47 are denied.

48. The allegations contained in paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 48 are denied and Brodie preserves its right to plead all applicable contractual provisions, exclusions, and limitations in bar of and as an affirmative defense against Debtor's claims.

49. Denied.

50. The allegations contained in paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 50 are denied.

51. With regard to the allegations contained in paragraph 51 it is admitted that the Subcontract is a written document which is the best evidence of its contents, and to the extent that

the allegations in paragraph 51 alter, vary, modify, or attempt to construe the Subcontract, those allegations are denied. Except as expressly admitted herein, denied.

52. Denied.

53. With regard to the allegations contained in paragraph 53, it is denied that Brodie owes and/or owed Retainage in the amount of $35,108.92 to Debtor. It is admitted that Brodie has not paid Debtor any Retainage as a result of Debtor walking off the Project and the cost to complete Debtor's Scope of Work being greater than originally contracted for under the Subcontract. Except as expressly admitted herein, denied.

54. With regard to the allegations contained in paragraph 54 it is admitted that the Subcontract is a written document which is the best evidence of its contents, and to the extent that the allegations in paragraph 54 alter, vary, modify, or attempt to construe the Subcontract, those allegations are denied. Except as expressly admitted herein, denied.

55. The allegations contained in paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 55 are denied.

56. Denied.

57. The allegations contained in paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 57 are denied.

58. Denied.

59. With regard to the allegations contained in paragraph 59, it is denied that Debtor was owed any amount of Retainage. It is further denied that Brodie acted in bad faith. Except as expressly admitted herein, denied.

60. The allegations contained in paragraph 60 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 60 are denied.

61. All allegations contained in paragraph 61, including subparagraphs A through D, are denied.

62. Denied.

63. Denied.

64. Denied.

**As to "THIRD CLAIM FOR RELIEF (Quantum Meruit/Unjust Enrichment)"**

65. Brodie restates and incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

66. Denied.

67. Denied.

68. The allegations contained in paragraph 68 state legal conclusions to which no response is required. To the extent a response is required, the allegations in paragraph 68 are denied.

69. Brodie lacks sufficient information upon which to form a belief and response to the allegations in this paragraph and the same are, therefore, denied.

70. With regard to the allegations contained in paragraph 70, it is admitted that Brodie was paid by SACSDA for the construction services performed and materials furnished by Brodie and all subcontractors working under Brodie on the Project, including those hired to replace Debtor after Debtor walked off the Project. Except as expressly admitted herein, denied.

71. Brodie lacks sufficient information upon which to form a belief and response to the allegations in this paragraph and the same are, therefore, denied.

72. Denied.

73. Denied.

### **THIRD DEFENSE- AFFIRMATIVE DEFENSES**

Pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, Brodie, without assuming the burden of proof which otherwise lies with Debtor, asserts the following affirmative defenses:

1. Debtor's claims are barred in whole or in part as Debtor has failed to state a claim upon which relief can be granted.

2. Debtor's claims are barred in whole or in part because Debtor has suffered no actual damages.

3. Debtor's claims are barred in whole or in part by Debtor's failure to mitigate its damages.

4. Debtor's claims are barred in whole or in part by the applicable statute of limitations and/or repose.

5. Debtor's claims are barred in whole or in part on the basis of waiver and/or estoppel.

6. Debtor's claims are barred in whole or in part on the basis of unclean hands.

7. Debtor's claims are barred in whole or in part because Brodie has acted in good faith at all times material hereto.

8. Debtor's claims are barred in whole or in part by the express terms and conditions of the Subcontract.

9. Debtor's claims are barred in whole or in part on the basis of the doctrine of laches.

10. Debtor's claims are barred in whole or in part on the basis that Debtor's abandonment of its work on the Project and other material breaches of the Subcontract preceded any alleged breach of contract by Brodie, the existence of which is denied.

11. Brodie is entitled to an offset as to some or all of Debtor's claims.

12. Debtor's claims are barred in whole or in part as a result of Debtor's failure to meet all conditions precedent, specifically, Debtor failed to finish its scope of work on the project. Debtor's completion of its scope of work under the Subcontract was a condition precedent to receiving Retainage. As a result of Debtor's failure to complete its scope of work, Debtor failed to meet all conditions precedent.

13. Upon information and belief, this Court lacks authority to enter final orders and Brodie does not consent to this Court's authority to enter final orders. On September 19, 2024, the Court entered an Order Confirming Plan of Reorganization and Approving Disclosure Statement in the underlying Chapter 11 proceeding (Dkt. No. 426). Per the Order, the Court retained jurisdiction only over certain matters (Dkt. No. 426 at 75). This adversary proceeding does not fall within any of the categories listed in the Order and this Court does not otherwise have jurisdiction.

## DEFENSES RESERVED

To the extent necessary, Brodie hereby gives notice that it intends to rely on any other defenses that may become available or apparent during discovery proceedings in this matter and reserve their right to amend their answer and to assert such defenses.

WHEREFORE, having answered the Complaint of Debtor, Brodie respectfully requests as follows:

1. That Brodie's affirmative defenses be found to be an absolute bar to any recovery by Debtor;

2. That Debtor's remaining claims, if any, be reduced by Defendant's affirmative defenses;

3. That Debtor be denied all relief requested in the Complaint;

4. That the costs of this action, including reasonable attorneys' fees be taxed against Debtor; and

5. For such other and further relief, both at law and equity, as the Court deems just and appropriate.

Respectfully submitted this, the 7th day of November, 2025.

*/s/ Anna A. Rodriguez*
Anna A. Rodriguez, NC State Bar No. 60235
Ian S. Richardson, NC State Bar No. 48045
VANN ATTORNEYS, PLLC
3110 Edwards Mill Rd., Ste. 210
Raleigh, North Carolina 27612
Telephone: (919) 510-8585
Facsimile: (919) 510-8570
arodriguez@vannattorneys.com
irichardson@vannattorneys.com
*Attorneys for Brodie Contractors, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2025, I caused the foregoing document to be served using the CM/ECF system, which will serve all counsel of record.

This the 7th day of November, 2025.

                                                    */s/ Anna A. Rodriguez*
                                                    Anna A. Rodriguez, NC State Bar No. 60235
                                                    VANN ATTORNEYS, PLLC